**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

RONNIE L. WILLIAMS, JR., # 384597,

        Petitioner,

v.                                                                   ACTION NO.  2:08cv541

COMMONWEALTH OF VIRGINIA,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends dismissing the petition for writ of habeas corpus without prejudice.

**I. STATEMENT OF THE CASE**

**A. Background**

Petitioner Ronnie L. Williams, Jr. ("Williams") was convicted in the Circuit Court of the City of Hampton on November 9, 2007, of carjacking, as a result of which he was sentenced to serve fifteen years in the Virginia penal system. The Virginia Court of Appeals denied Williams's direct appeal on September 4, 2008. Thereafter, the Virginia Supreme Court refused Williams's petition for appeal on January 28, 2009.

Presently in the custody of the Virginia Department of Corrections at the Keen Mountain

Correctional Center in Oakwood, Virginia, Williams filed his federal habeas petition on November 14, 2008. The respondent filed a Rule 5 Answer and Motion to Dismiss on March 12, 2009.

### B. Grounds Alleged

Williams asserts the following entitle him to relief under 28 U.S.C. § 2254:

(1) the prosecutor violated petitioner's right to a fair and impartial trial by facing a file box labeled "RONNIE L. WILLIAMS CARJACKING" toward the jury in an improper attempt to influence or communicate with the jury;

(2) the prosecutor committed gross negligence by relying upon a false juvenile record showing a prior offense of possession of marijuana with intent to distribute;

(3) the Commonwealth failed to produce DNA or fingerprint evidence to support its case and trial counsel failed to move to strike the case for insufficient evidence on this basis; and,

(4) the witnesses' identification and testimony at trial were inconsistent with testimony given during the preliminary hearing.

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

In order for this Court to address the merits of a habeas petition, all of the petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603,

610 n.4 (4th Cir. 1997).

On direct appeal, Williams contended:

I. the evidence was insufficient to convict him of carjacking;

II. the trial court erred by refusing to consider mitigating circumstances when imposing sentence; and

III. the trial court erred by denying petitioner's request to give the jury information about the discretionary sentencing guidelines.

It appears that Williams's Ground (3) is at least partially exhausted because it was presented in part to the Virginia Supreme Court on direct appeal in Claim I.[1] However, Grounds 1, 2, and 4 were not presented to the Virginia Supreme Court on direct appeal or in a state habeas petition. Thus, the Virginia Supreme Court has never had an opportunity to fully and fairly review this claim.

A petition that contains at least some claims which have not been exhausted in state court should be dismissed pursuant to 18 U.S.C.A. § 2254(d)(2). See Rose v. Lundy, 455 U.S. 509, 522 (1982) (holding a "mixed petition" containing both exhausted and unexhausted claims cannot be adjudicated). "Separate claims in a single habeas petition generally seek the same relief from custody, and success on one is often as good as success on another. In such a case it makes sense to require exhaustion of all claims in state court before allowing the federal action to proceed." Jones v. Bock, 549 U.S. 199, 121 (2007). Therefore, the Court recommends that the Petition be DISMISSED without prejudice, so that Williams may exhaust his state remedies.

Further, it should be noted that the one-year period during which Williams can file any

---

[1] The state court records have not been filed in this Court. The Petition states that Grounds 1, 2, and 4 have not been exhausted, but that Ground 3 was raised on direct appeal. Respondent asserts "Petitioner's claims appear to be exhausted except as to [Ground] 3." Resp. Mem. in Support of Mot. to Dismiss at 4. It appears to the Court that either the petition is a mixed petition, with some but not all grounds being exhausted, or none of the Grounds are exhausted.

federal petition for writ of habeas corpus continues to run until a state habeas corpus petition is filed.

The statute of limitations for actions under 28 U.S.C. § 2254 is provided in 28 U.S.C. § 2244(d)(1):

> A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; . . . .

Under 28 U.S.C. § 2244(d)(2), the statute of limitations clock is paused during the time that a petition for state collateral review is pending. Section 2244(d)(2) provides:

> the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is tolled for the whole duration of state collateral review, from the time the initial petition is filed until the final ruling is made, including any gaps in between. See Taylor v. Lee, 186 F.3d 557, 561 (4th Cir. 1999). However, while 28 U.S.C. § 2244(d)(2) pauses the clock during a pending state collateral review, it does not reset the clock. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). The statute of limitations is not tolled during the period Williams's unexhausted petition is pending in this Court. See Duncan v. Walker, 533 U.S. 167, 181 (2001).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that Williams's petition for writ of habeas corpus be DISMISSED without prejudice to exhaust state remedies.

Furthermore, Williams has failed to demonstrate "a substantial showing of the denial of a

constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See <u>Miller-El v. Cockrell</u>, 537 U.S. 322 (2003).

### IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

    1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, <u>see</u> 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of right to appeal from a judgment of this court based upon such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                  /s/
                                                Tommy E. Miller
                                   United States Magistrate Judge

Norfolk, Virginia
April 10, 2009

**CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Ronnie L. Williams, Jr., #384597
Keen Mountain Correctional Center
P.O. Box 860
Oakwood, VA 24631

Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                Fernando Galindo, Clerk


By _____
             Deputy Clerk

             April      , 2009